Newlin Estate

*Albert N. Garrett* and *Duane, Morris & Heckscher*, for accountant.

VAN RODEN, P. J., August 3, 1950.—Decedent died April 28, 1900, survived by his widow and one daughter, and leaving no issue of deceased children.

By his will he devised and bequeathed one third of his estate in trust to pay the income therefrom unto his wife "during her life and upon her death to such person or persons as by her last will and testament she may direct". He then devised and bequeathed another third of his estate (disregarding certain provisions not here material) unto his daughter for life, giving her a general testamentary power of appointment over her share of principal. He then disposed of the remaining one third share, which he designated as his residuary estate, by placing same in trust (again disregarding immaterial provisions) for the payment of income to his wife during her widowhood and the minority of the daughter, and upon the daughter reaching her majority the income was to be paid unto her for life, also giving unto the daughter a general testamentary power of appointment over said share of principal.

By adjudication dated October 2, 1921, the court awarded two thirds of decedent's estate unto his trustees to pay the income for life unto decedent's widow and one third unto the trustees to pay the income for life unto decedent's daughter. The daughter died September 23, 1930, unmarried and without issue. By her last will and codicil, she exercised her general testamentary power of appointment and pursuant thereto the trust was terminated with respect to one third of decedent's estate.

Decedent's widow died November 20, 1949. By her will she exercised her testamentary power of appointment under decedent's will. The question now arises as to whether said testamentary power of appointment extended to the principal of one third of decedent's es-

tate (being one half of the remaining trust fund) or whether it is limited to disposition of income.

In the construction of the will the intention of testator is of prime importance and such intention is to be determined from a reading of the whole will.

"A construction that would lead to a highly improbable result is to be avoided, if at all possible; and a meaning conformable to the testator's plausible intent should be ascribed to his words if agreeable to reason": Fahey Estate, 360 Pa. 497, 500 (1948).

Any interpretation of the instant will which does not provide for specific distribution of one third of the principal of the estate would appear to be inconsistent with testator's scheme as a whole, since the pattern of the will is clear. Decedent divided his estate into three equal parts and then provided complete and independent limitations with respect to each third. There is no suggestion of interrelation or cross-remainders among these various portions of the estate, and each appears to have been treated as a separate entity subject to separate dispositive provisions. Although decedent did not specifically mention principal in connection with his wife's testamentary power of appointment, it seems clear from a reading of the entire will that he intended that his wife should have power to appoint the principal as well as the income of one third of his estate.

The instant case is somewhat similar to Kelly's Estate, 193 Pa. 45 (1899), where testator provided that his brother and sister "shall receive the income of my said estate absolutely, and the survivor of them, with power to them or the survivor of them, to devise by any last will and testament they or either of them may choose to make", and it was held that the power of appointment was intended by the donor to be exercised over the principal as well as the income.

Accordingly, in the instant case, the court holds that decedent's widow possessed a general power of appointment over one third of the principal of decedent's residuary estate (i. e., one half of the present trust fund). In determining distribution of that share of principal pursuant to the will of decedent's widow, a further problem arises. By her will, the widow appointed one fifth of the appointive estate unto her husband's brother, Arthur Newlin. The appointee survived testator, but predeceased the widow on April 13, 1941. This raises the question whether the gift to him lapses. In determining this question the fact that the widow was domiciled in New York at the time of her death is unimportant since the domicil of the donor of the power is controlling: Barton Trust, 348 Pa. 279, 282 (1944). Section 14(8) of the Wills Act of April 24, P. L. 89, 1947, 20 PS §180.14(8) provides that a bequest to a brother or sister of testator shall not lapse if the beneficiary fails to survive testator but leaves issue surviving testator. The act does not specifically deal with the problem of a beneficiary who survives the donor of the power but predeceases the donee. The closest decision to the instant case appears to be Rowland's Estate, 17 D. & C. 477 (1932), where testator gave his wife a general testamentary power of appointment over his residuary trust estate and in exercise thereof she appointed to her husband's nephew who had survived the donor but predeceased her, leaving issue surviving at her death. In a carefully considered opinion by Judge Gest, it was held that the general rule relating to lapses is applicable whether the legacy be given under the will of the donor or whether it be given under the will of the donee by virtue of the power of appointment, and if the appointee dies before the donee of the power, the legacy will lapse. Accordingly, in the instant case, the court holds that the purported appointment of one fifth of the appointive estate to

Arthur Newlin, brother-in-law of the donee, was ineffective by reason of the lapse resulting from his death prior to that of the donee.

The next question to be considered is whether, by virtue of the lapse, the one-fifth share of the appointive estate passes under the residuary clause of the will of the donee, or whether it passes in default of appointment, under the residuary clause of decedent's will.

Section 14(14) of the Wills Act of April 24, 1947, P. L. 89, 20 PS §180.14(14), provides that "in the absence of a contrary intent appearing therein", a general devise or bequest in a will shall be construed to include any property to which testator shall have power to appoint, and shall operate as an execution of such power. Accordingly, the one-fifth share of the appointive estate would pass under the residuary clause of the widow's will, unless a contrary intention can be ascertained from her will. In the opinion of the court such contrary intention may be inferred from the fact that the widow broke the appointive estate down into fifths, thereby indicating that she knew precisely how she wanted it disposed of. Even more important is the fact that she appointed this portion of her late husband's estate among relatives of her husband, whereas she made her brother the residuary beneficiary of her estate. To permit any portion of the appointive estate to pass unto her relatives, rather than to her deceased husband's relatives, would be inconstant with the obvious scheme of her will. Accordingly, the court finds that the "contrary intention" contemplated by the statute appears on the face of the widow's will and that her intention specifically to exercise her power of appointment negatives the statutory presumption that any part of the appointive estate passes under her residuary clause, and it is hereby held that the one-fifth share of the appointive estate passes under the residuary clause of decedent's will.